*Gray v. Maquat*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.**

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

---

LEELAND F. GRAY, JR., KIRSTEN GRAY, 145
EDEN HILL ROAD, LLC, DEUTSCH
AMERICAN PARTNERS, LTD., GRAY
FRIESIAN FARM, LLC,

> *Plaintiffs-Appellants*,

v.                                                      No. 15-2448

ROBERT MAQUAT, WALLACE WILLIAMS,
STEVEN CARLSON, PAUL DOMINIANNI,
DARRIN SILHAVY, MILAN SPISEK, ROBERT
DeVELLIS, PHILLIP DOREMUS, TOWN OF
EASTON, TOWN OF EASTON PLANNING &
ZONING COMMISSION, RUSSELL LEGGETT,

> *Defendants-Appellees*,

TIMOTHY P. BRADY, BERNADETTE H.
BRADY,

*Intervenors*.

---

For Plaintiffs-Appellants: DOUGLAS J. VARGA, Lucas Bagnell Varga LLC, Southport, CT.

For Defendants-Appellees: MICHAEL T. RYAN (Maciej A. Piatkowski, *on the brief*), Ryan Ryan Deluca LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Leeland F. Gray, Jr., Kirsten Gray, 145 Eden Hill Road, LLC, Deutsch American Partners, Ltd., and Gray Friesian Farm, LLC (collectively, the "Grays"), appeal from the order and opinion of the United States District Court for the District of Connecticut (Meyer, *J.*), entered on July 20, 2015, granting summary judgment in favor of Defendants-Appellees Robert Maquat, Wallace Williams, Steven Carlson, Paul Dominianni, Darrin Silhavy, Milan Spisek, Robert DeVellis, Phillip Doremus, Town of Easton, Town of Easton Planning & Zoning Commission, and Russell Leggett (the "Defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (per curiam) (quoting *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y*, 769 F.3d 807, 815 (2d

Cir. 2014)). "We will affirm a grant of summary judgment only if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law." *Id.*

The Grays' complaint asserted a claim under 42 U.S.C. § 1983 for violation of their right under the Equal Protection Clause that the government treat all similarly situated people alike. *See Gray v. Town of Easton*, 115 F. Supp. 3d 312, 316 (D. Conn. 2015). The district court determined that "plaintiffs here were not irrationally singled out," *id.* at 318, and that "[n]o reasonable jury could conclude that . . . any of [their] alleged comparators were contextually similarly situated for purposes of application and enforcement of the law . . . ." *Id.* at 319. It also found that "no genuine fact issue remains as to their claim that there was any constitutionally improper reason that motivated defendants' conduct," *id.*, and that no "reasonable jury [could] conclude that ill-will or malice motivated defendants to discriminate against [them]." *Id.* at 320.[1] We agree and AFFIRM for substantially the same reasons provided by the district court in its well-reasoned opinion. Because we affirm the district court's grant of summary judgment on the merits, we need not reach its alternative holding concerning qualified immunity.

---

[1] The district court analyzed the Grays' claim under both the "class of one" equal protection theory articulated in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam), which requires that a plaintiff show that she "has been intentionally treated differently from others similarly situated, and that there is no rational basis for the difference in treatment," *id.* at 564; and under the "selective enforcement" equal protection theory articulated two decades earlier in *LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980), which requires a more specific showing that "such selective treatment was based on impermissible considerations," including "malicious or bad faith intent to injure a person." *Id.* at 609-10. The district court correctly noted that "[b]oth theories are themselves sub-types of just one way of alleging an equal protection claim." *Gray*, 115 F. Supp. 3d at 316 n.2. There remains confusion, however, as to how the Supreme Court's holding in *Olech* – which affirmed the "class of one" equal-protection theory "without making clear what role if any motive should play in such cases," *Del Marcelle v. Brown Cty. Corp.*, 680 F.3d 887, 890 (7th Cir. 2012) (en banc) (per curiam) – affected our holding in *LeClair* and similar pre-*Olech* precedents, which *do* require showing such impermissible motive. *See generally* Robert C. Farrell, *The Equal Protection Class of One Claim:* Olech*,* Engquist*, and the Supreme Court's Misadventure*, 61 S.C. L. Rev. 107 (2009). We need not wade into this thicket here because we conclude, as the district court did, that the defendants are entitled to summary judgment regardless. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 500 (2d Cir. 2001) ("We need not decide which reading is the correct one in order to resolve [the] case, as [plaintiff's] claim fails even if no showing of animus is required.").

3

We have considered all of the Grays' contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
