15-2646-cv
*33 Seminary LLC et al. v. The City of Binghamton et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand sixteen.

Present:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

—————————————————————————

33 SEMINARY LLC; 31 SEMINARY LLC; 26 SEMINARY AVENUE PROJECT LLC,

*Plaintiffs-Appellants*,

v.                                                                    15-2646

THE CITY OF BINGHAMTON; MATTHEW T. RYAN, Individually and as Mayor of the City of Binghamton; KENNETH J. FRANK, Individually and as Corporation Counsel for the City of Binghamton; THOMAS COSTELLO, Individually and as Supervisor of Building and Construction and Code Enforcement for the City of Binghamton; DAVID CHADWICK, Individually and as the Former Supervisor of Building and Construction for the City of Binghamton; KEVIN ESWORTHY, Individually and as the Former Building Inspector of the City of Binghamton; JOHN STELLA, Individually and as Chairman of the Planning Commission of the City of Binghamton; MARK YOUNG, Individually and as a Member of the Planning Commission of the City of Binghamton; MICHELLE O'LOUGHLIN, Individually and as a Member of the Planning Commission of the City of Binghamton; ROBERT POMPI, Individually and as a Member of the Planning Commission of the

1

City of Binghamton; THOMAS POLLACK, Individually and as a Member of the Planning Commission of the City of Binghamton; EARL WALKER, Individually and as a Member of the Planning Commission of the City of Binghamton; JAMES WORHACH, Individually and as a Member of the Planning Commission of the City of Binghamton; KELLY LIGEIKIS, Individually and as a Member of the Planning Commission of the City of Binghamton; JOANN MASTRONARDI, Individually and as Chairwoman of the Zoning Board of Appeals for the City of Binghamton; VLADIMYR GOUIN, Individually and as a Member of the Zoning Board of Appeals for the City of Binghamton; DONALD HANRAHAN, Individually and as a Member of the Zoning Board of Appeals for the City of Binghamton; CARMAN GARUFI, Individually and as a Member of the Zoning Board of Appeals for the City of Binghamton; GERALD O'BRIEN, Individually and as a Member of the Zoning Board of Appeals for the City of Binghamton,

*Defendants-Appellees*.

_____

For Plaintiffs-Appellants:      BRIAN LEHMAN, Esq., Queens, NY

For Defendants-Appellees:      JANET D. CALLAHAN, Hancock Estabrook, LLP, Syracuse, NY (Daniel Berman, Hancock Estabrook, LLP, Syracuse, NY; Brian M. Seachrist, Office of the Corporation Counsel for the City of Binghamton, Binghamton, NY, on the brief)

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from the judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) granting summary judgment in favor of Defendants-Appellees on all of Plaintiffs-Appellants' outstanding claims. In this order, we address the district court's summary judgment determination as to Plaintiff-Appellant 26 Seminary Avenue Project LLC ("26 Seminary LLC"), with respect to those claims for which it

raises an issue on appeal.[1]   We review the district court's grant of summary judgment *de novo*, construing evidence in the light most favorable to the party against whom summary judgment has been granted and drawing all reasonable inferences in its favor.   *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (per curiam).   We assume the parties' familiarity with the facts, procedural history of the case, and the issues on appeal.

This case concerns the constitutionality of certain zoning decisions made by the City of Binghamton's Planning Commission and Zoning Board of Appeals ("ZBA") with respect to the property owned by 26 Seminary LLC at 26 Seminary Avenue in Binghamton, New York (the "Property").   Nearly two years after 26 Seminary LLC purchased the Property, the Binghamton City Council adopted Ordinance 009-009, which was approved by the mayor on March 22, 2009. The ordinance amended certain sections of Chapter 410 of the Zoning Ordinance of the City of Binghamton to require the provision of increased off-street parking, including in residential areas of the city.   This requirement was triggered, *inter alia*, when a building owner sought to modify the use of an existing structure on the property.

Soon after the new ordinance was adopted, 26 Seminary LLC sought to renovate and modify the use of certain parts of the structure on the Property.   It submitted an application to the ZBA for an area variance from the newly adopted minimum off-street parking requirement. Applying the relevant rules, the City of Binghamton determined that the amended ordinance necessitated that five off-street parking spaces be provided for the Property.   At the time of the public hearing on 26 Seminary LLC's variance application, 26 Seminary LLC represented that it was unable to provide any off-street parking.

---

[1]  Plaintiffs-Appellants 33 Seminary LLC and 31 Seminary LLC have waived any appeal of the district court's grant of summary judgment to Defendants-Appellees.   26 Seminary LLC has also waived its appeal of the grant of summary judgment with respect to certain of the claims before the district court.   This summary order addresses 26 Seminary LLC's remaining claims.

Thereafter, the ZBA denied 26 Seminary LLC's application for a variance. 26 Seminary LLC points to this denial, as well as certain other events taking place over the course of Plaintiffs-Appellants' interactions with the City of Binghamton and its agencies, as grounding a non-class-based equal protection claim.

The district court analyzed 26 Seminary LLC's claim under both the "class of one" equal protection standard articulated in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam), which held that a plaintiff need only show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *id.* at 564, and under a "selective enforcement" theory, which requires a showing that the allegedly selective treatment was based on impermissible considerations, including "malicious or bad faith intent to injure a person," *LeClair v. Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980). In *Bizzarro v. Miranda*, 394 F.3d 82 (2d Cir. 2005), we construed these as two distinct forms of non-class-based equal protection claims, holding that a *LeClair*-type claim focuses on whether the alleged animus caused the disparate treatment, whereas an *Olech*-type claim looks to "whether the official[s'] conduct was rationally related to the accomplishment of the work of their agency." *Id.* at 86–89. In addition, a plaintiff seeking to bring a non-class-based equal protection claim must show that the defendant "intentionally treated them differently from other[s] similarly situated." *Id.* at 86.

Although we have previously recognized that there is some confusion about the extent to which the Supreme Court's holding in *Olech* affected our holding in *LeClair*, *see Gray v. Maquat*, No. 15-2448, 2016 WL 5340256, at *1 n.1 (2d Cir. Sept. 21, 2016), we need not resolve that confusion here. Under either standard, a plaintiff must make *some* showing of different or

4

unequal treatment.[2]  Here, however, 26 Seminary LLC was unable to point to any comparable property that might provide a basis for establishing its equal protection claim.  The two properties pointed to as comparators before the district court – 63 Front Street and 46 Seminary Avenue – each differed from 26 Seminary Avenue in important ways.  For instance, unlike the Property, the 46 Seminary Avenue site involved conversion from one commercial use to another.  The 63 Front Street site had an entirely different classification for zoning purposes than the Property.  More importantly, moreover, both of these sites afforded some off-street parking accommodation as a component of their proposed site plans.  Specifically, the site plan for 46 Seminary Avenue included four parking spots.  The site plan for 63 Front Street also included four on-site spaces, and approval for the 63 Front Street site plan was conditioned on entry into a lease agreement for one additional parking space within 500 feet of the property.

The site plan for 26 Seminary Avenue, on the other hand, offered no off-street parking.  Because 26 Seminary LLC can point to no substantially comparable instance of the City of Binghamton's application of its zoning law with respect to the very issue that is the focus of its equal protection claim, summary judgment is appropriate.  *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (holding that summary judgment is appropriate in the absence of a substantially comparable property).  26 Seminary LLC points to our decision in *LaTrieste Restaurant & Cabaret Inc. v. Village of Port Chester*, 40 F.3d 587 (2d Cir. 1994), as suggesting that a comparable property is not needed to raise an equal protection claim because differential treatment of one property by a governmental authority over time is sufficient for a non-class-based equal protection claim.  *LaTrieste*, however, stands only for the uncontroversial

---

[2]  We also have not yet resolved whether, assuming two entirely separate viable forms of equal protection claim exist, different standards govern the showing necessary to demonstrate unequal treatment under each of *LeClair*-type and *Olech*-type claims.

proposition that where a governmental agency intentionally singles out a target by enforcing a law that it had previously declined to enforce against that very entity, the target of enforcement may, in certain circumstances, be able to raise a selective enforcement claim. That is not the situation here. The district court therefore appropriately granted summary judgment to Defendants-Appellees.

* * *

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk